KAMER ZUCKER ABBOTT
R. Todd Creer  #10016
Shannon L. Chao  #16821
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646
tcreer@kzalaw.com
schao@kzalaw.com

Attorneys for Defendant Current, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAVIER MOLINA, an individual; | Case No. 2:25-cv-00204-MDC |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| CURRENT, LLC, a domestic limited liability company | |
| Defendant. | |

This matter comes before the Court on the parties' Stipulated Protective Order Concerning Confidential Information pursuant to Federal Rule of Civil Procedure 26(c). Being fully appraised of the premises, the Court orders the following:

**I.  PURPOSES AND LIMITATIONS.**

Discovery in this action may involve the production of confidential, proprietary, or private information for which special treatment may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. It does not confer blanket protection on all disclosures or responses to discovery. This Order does not apply retroactively to any documents produced prior to entry of this Order whether those documents were disclosed by Plaintiff or Defendant. The protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. **"CONFIDENTIAL" MATERIAL**.

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: records reflecting medical conditions or treatments of any persons who are not parties to this lawsuit; certain documents contained in the personnel records of persons who are not parties to this lawsuit; financial and proprietary documents of Defendant, and financial and proprietary documents of Plaintiff not in the public domain or subject to public disclosure; investigation files into situations involving employees or former employees of Defendant not parties to this action and not involving Plaintiff; records containing the identities of Defendant's clients; records containing home addresses, community names and lot numbers, or other information that would identify a specific home; and records containing the identities of Defendant's contractors and subcontractors.

The parties will meet and confer as to any other documents, or class of documents which a party believes should be designated as "Confidential" to attempt to reach a consensus as to further stipulation.

## III. **SCOPE**.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. The protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise; however, the protections conferred by this agreement continue to protect otherwise confidential information that enters the public domain only through

inadvertent or accidental disclosure and no other means.

**IV.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.**

    **A.    Basic Principles.**

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    **B.    Disclosure of "CONFIDENTIAL" Material.**

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

    1.    attorneys actively working on this case;

    2.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial or at other proceedings in this case;

    3.    the parties, including designated representatives for the Defendant;

    4.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    5.    the Court and its employees ("Court Personnel");

    6.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    7.    deponents, witnesses, or potential witnesses; and

        8.    other persons by written agreement of the parties.

**C.**    **Filing Confidential Material**.

It is understood that this agreement will facilitate discovery exchanges. However, there is a presumption of public access to judicial files and records, and neither party has made a showing yet–nor has the Court found–that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any trade secret or other confidential material pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

If either party seeks to file a confidential document under seal, that party must file a motion to seal and must comply with the Ninth Circuit Court of Appeals' directives in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A party seeking to maintain the secrecy of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. Id. at 1179. Moreover, the Court has adopted electronic filing procedures, which constitute the official record of the Court. If either party files documents under seal, that party must follow the Court's electronic filing procedures in accordance with Local Rule 10-5(b).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven (7) days prior to the filing of the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four (4) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than

four (4) days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

In the event of an emergency motion, the above filing procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

**V.     DESIGNATING CONFIDENTIAL MATERIAL.**

    **A.     Exercise of Restraint and Care in Designating Material for Protection.**

Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, and the designating party does not agree that the designation was made erroneously, the parties shall follow Section VI of this Protective Order regarding the procedures of challenging the designation(s) to resolve the challenge.

Nothing in this agreement shall be deemed to override or supersede a party's responsibility to redact certain information required by LR IC 6-1 of the Local Rules of Practice for the United States District Court, District of Nevada, as in effect at the time of this agreement. A designation of confidentiality shall not be undertaken solely to avoid compliance with LR IC 6-1.

**B.    Manner and Timing of Designations.**

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1. Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trial proceedings); the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

2. Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material. Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    **C.**    **Inadvertent Failures to Designate**.

If corrected within ten (10) business days of production or disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon notification within ten (10) business days of the correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**VI.**    **CHALLENGING CONFIDENTIAL DESIGNATIONS**.

Any disputes regarding designations of confidentiality will be resolved pursuant to the Court's Standing Order.

**VII.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**VIII.**    **DESTRUCTION AND RETURN OF DOCUMENTS UPON TERMINATION**.

Within sixty (60) days after the termination of this action, including all appeals, each receiving party shall destroy all confidential material, including all copies, extracts and summaries thereof. The parties may agree upon the appropriate methods of destruction. If, however, a producing party requests, within (30) days after the termination of this action, that a receiving party return confidential material previously produced, the receiving party shall comply and promptly return all such requested confidential material.

1  Notwithstanding this provision, counsel are entitled to retain one archival copy of all
2  documents filed with the Court, trial, deposition and hearing transcripts, correspondence, deposition
3  and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and
4  other discovery, to be retained for purposes of effectuating any judgment, or to be retained by either
5  party as a part of the complete client file.

6  The confidentiality obligations imposed by this agreement shall remain in effect until a
7  designating party agrees otherwise in writing or the Court orders otherwise.

**IX.    DISPUTES REGARDING THIS ORDER.**

Any disputes regarding this Order will be resolved pursuant to the Court's Standing Order.

DATED this 10th day of November, 2025.

| LAGOMARSINO LAW | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ Cristina P. Valentine<br>Andre M. Lagomarsino    #5135<br>Cristina P. Valentine      #16440<br>3005 West Horizon Ridge Parkway<br>Suite 241<br>Henderson, Nevada 89052 | By: /s/ Shannon L. Chao<br>R. Todd Creer              #10016<br>Shannon L. Chao         #16821<br>6325 South Jones Boulevard, Suite 300<br>Las Vegas, Nevada 89118 |
| Attorneys for Plaintiff | Attorneys for Defendant |

**ORDER**

**IT IS SO ORDERED.**

11-13-25
Date

_____
UNITED STATES MAGISTRATE JUDGE